**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON B. WALSH, | Civil Action No. 17-2032 (PGS) (TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| JUDGE BARBARA A. VILLANO, et al., | |
| Defendants. | |

**SHERIDAN, District Judge:**

This matter comes before the Court on a civil rights Complaint filed by Plaintiff Jason B. Walsh, pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights had been violated by Defendants. The Court previously granted Plaintiff *in forma pauperis* status. ECF No. 2. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims are time-barred. Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Lagano*, 769 F.3d at 859. Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859.

1

Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims. *Id.*

Here, Plaintiff's claims arose out of a criminal prosecution that occurred in the April/June of 2004 timeframe. ECF No. 1 at 4. Unless the criminal prosecution lasted more than ten years, which there is absolutely no allegation in the Complaint to support, it is simply implausible that the criminal prosecution ended less than two years before the instant Complaint was filed. Indeed, in a companion case Plaintiff filed with this Court on the same day, the exhibits filed in that case show that Plaintiff was sentenced on June 21, 2004 for the alleged offense. *See Walsh v. Gizinski*, No. 17-2031, ECF No. 3 at 16 (D.N.J. filed Apr. 21, 2017). As such, Plaintiff's causes of action arose more than 12 years ago, making his claims grossly untimely, so the Court dismisses the Complaint with prejudice.

_____
**Peter G. Sheridan**
**United States District Judge**

Date: 5/25/17